**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **BECKETT COLLECTIBLES, LLC and BECKETT AUTHENTICATION SERVICES, LLC,** | § § § § | |
| *Plaintiffs,* | § | **Civil Action No. _____** |
| **v.** | § § | |
| **WENDELL GIDDEN-ROGERS and LISA SKOLNICK,** | § § § | **Jury Trial Demanded** |
| *Defendants* | § § | |

---

## PLAINTIFFS' ORIGINAL COMPLAINT

---

TO THE HONORABLE COURT:

Come now, Plaintiffs Beckett Collectibles, LLC and Beckett Authentication Services, LLC (collectively, "Beckett") and file this Original Complaint complaining of Defendants Wendell Gidden-Rogers and Lisa Skolnick and would show the Court as follows:

### I.    PARTIES

1.     Plaintiff Beckett Collectibles, LLC ("Beckett Collectibles") is a North Carolina limited liability company with its principal place of business in Collin County, Texas.

2.     Plaintiff Beckett Authentication Services, LLC ("BAS") is a North Carolina limited liability company with its principal place of business in Collin County, Texas.

3.     Defendant Wendell Gidden-Rogers ("Gidden-Rogers") is an individual residing at 6308 Saint Michael Dr, McKinney, Texas 75072.  Gidden-Rogers may be served at his residential address or wherever he may be found.

---

4.      Defendant Lisa Skolnick ("Skolnick") is an individual residing at 3804 Jeanette Ln, McKinney, TX 75071. Skolnick may be served at her residential address or wherever she may be found.

## II.      JURISDICTION AND VENUE

5.      Jurisdiction:  This action is brought pursuant to 15 U.S.C. §§ 1114, 1117, and 1125. Accordingly, This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.  Furthermore, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claim, because the claim is so related to the Federal claims in this action over which this Court has original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

6.      Venue:  Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because the Defendants direct their infringing activities towards consumers and conduct substantial business in this District.

## III.      FACTUAL BACKGROUND

A.      **Beckett's Services**

7.      Beckett is in the collectibles business and started in the 1970s by offering pricing guides for baseball cards. Beckett has since expanded its services into many areas including authenticating sports memorabilia for virtually all sports as well as non-sport collectibles for movies, gaming cards, and comic books. In fact, after spending years of building its reputation and name in the collectibles business and seeing a need to provide more trust in the sports memorabilia industry, in 2016, Beckett Collectibles launched BAS to offer customers a premium autograph authentication service from the most trusted authenticators.

8.      Beckett's services are essential in the sports memorabilia industry. For decades, Beckett has been the industry standard for price guides, card grading, and autograph

authentication. Beckett grades and authenticates collectible items—such as jerseys bearing an athlete's signature—so that collectors of such items can be assured that the item is authentic (*e.g.* verifying Michael Jordan's signature on a Chicago Bulls jersey is Michael Jordan's authentic signature). The authentication process involves a close examination of the collectible item's physical attributes, signatures, and provenance. To effectively do so, Beckett hired world renowned autograph experts, developed specific protocol for authenticating items, and worked tirelessly to ensure only authentic items receive Beckett's tamper-evident hologram sticker of authentication.

9.      One of the ways in which Beckett provides authentication is through its witness program. Beckett engages with independent contractors to physically witness an athlete sign a particular item and then place Beckett's witness certification sticker on the signed item. Once the certification sticker is applied to the item, any attempt to remove it will be evident. The unique serial number on each sticker is then registered in Beckett's database. This provides assurance that the purported signature on that item is legitimate. Beckett's witness certification sticker gives subsequent buyers confidence that the item they are purchasing is authentic.

10.     In connection with the memorabilia, authentication, and autograph industry, Beckett owns numerous trademarks, including but not limited to the following:

| B BECKETT MEDIA | United States (USPTO) | |
|---|---|---|
| **Status:** Registered - Principal Register | |  |
| **App. #:** 87930143 | **App. Date**: 5/21/2018 | |
| **Reg. #:** 5817255 | **Reg. Date**: 7/30/2019 | |
| **Current Owner:** BECKETT COLLECTIBLES, LLC **016:** Publications, namely, magazines in the field of sports, sports collectibles and memorabilia; publications, namely, price guides in the field of collectibles, sports collectibles | | |

and memorabilia
**035:** Online retail store services featuring collectibles, trading-cards, general collectibles, memorabilia; Online trading services, namely, operating online marketplaces for sellers and buyers of goods
**036:** Trading card and collectibles financial evaluation and appraisal
**041:** Providing an online computer database in the field of sports collectibles, trading-cards, general collectibles and memorabilia; providing a website featuring information in the field of sports collectibles, trading-cards, general collectibles and memorabilia
**042:** Trading card and collectibles grading

| **B BECKETT COLLECTIBLES** | **United States (USPTO)** |
|---|---|

**Status:** Registered - Principal Register

| **App. #:** 87929798 | **App. Date:** 5/21/2018 |
|---|---|
| **Reg. #:** 6301716 | **Reg. Date:** 3/23/2021 |



**Current Owner:** BECKETT COLLECTIBLES, LLC
**016:** Publications, namely, magazines in the field of sports, sports collectibles and memorabilia; publications, namely, price guides in the field of collectibles, sports collectibles and memorabilia
**035:** Online retail store services featuring collectibles, trading-cards, general collectibles, memorabilia; Online trading services, namely, operating online marketplaces for sellers and buyers of goods
**036:** Trading card and collectibles financial evaluation and appraisal
**041:** Providing an online computer database in the field of sports collectibles, trading-cards, general collectibles and memorabilia; providing a website featuring information in the field of sports collectibles, trading-cards, general collectibles and memorabilia
**042:** Trading card and collectibles grading

| **BECKETT** | **United States (USPTO)** |
|---|---|

**Status:** Application reinstated

BECKETT

| **App. #:** 75043220 | **App. Date:** 1/16/1996 |
|---|---|
| **Reg. #:** 2108233 | **Reg. Date:** 10/28/1997 |

**Current Owner:** BECKETT COLLECTIBLES, LLC
**042:** providing multiple user access to a web site on a global computer information network for access to products and services for sports enthusiasts

---

| BECKETT | United States (USPTO) |
|---|---|

**Status:** Registered and renewed

BECKETT

**App. #:** 75506186          **App. Date**: 6/24/1998
**Reg. #:** 2325440           **Reg. Date:** 3/7/2000
**Current Owner:** BECKETT COLLECTIBLES, LLC
**016:** Printed material, namely, business cards, and publications, namely, magazines related to sports collectibles and memorabilia, and price guides for sports collectibles and memorabilia

| BECKETT | United States (USPTO) |
|---|---|

**Status:** Registered and renewed

BECKETT

**App. #:** 75506188          **App. Date**: 6/24/1998
**Reg. #:** 2331054           **Reg. Date:** 3/21/2000
**Current Owner:** BECKETT COLLECTIBLES, LLC
**042:** providing multiple user access to a web site on a global computer information network for access to products and services for online interactive resources for sports, sports collectibles and memorabilia, and price guides for collectibles and memorabilia

| BECKETT | United States (USPTO) |
|---|---|

**Status:** Registered and renewed

BECKETT

**App. #:** 76075150          **App. Date**: 6/22/2000
**Reg. #:** 2482116           **Reg. Date:** 8/28/2001
**Current Owner:** BECKETT COLLECTIBLES, LLC
**036:** trading card and collectibles grading, evaluation and appraisal

| BECKETT | United States (USPTO) |
|---|---|

**Status:** Registered and renewed

BECKETT

**App. #:** 74128643          **App. Date**: 1/7/1991
**Reg. #:** 1734726           **Reg. Date:** 11/24/1992
**Current Owner:** BECKETT COLLECTIBLES, LLC
**016:** publications; namely, price guides for sports collectibles and magazines featuring sports collectibles and sports

| BECKETT SHIELD | United States (USPTO) |
|---|---|

**Status:** Registered and renewed          **Docket No:** MEDIA.22210

**App. #:** 79358589    **App. Date:** 9/28/2022
**Reg. Date:** 2/18/2025



**Current Owner:** Beckett Collectibles, LLC
**016:** Printed books in the field of games and collectible trading cards; printed sports trading cards; printed collector cards made primarily of paper; map cases; ring binders; albums for collectables, namely, coins, stamps, cards; boxes of paper or cardboard; paper boxes; printed periodicals in the field of games and collectible trading cards; printed magazines featuring games and collectible trading cards; printed periodicals in the field of games and collectible trading cards; printed booklets in the field of games and collectible trading cards; stickers; paper and cardboard; collectable printed trading cards; cases for storing and protecting trading cards
**028:** Toys, games, and playthings, namely, plastic character toys, modeled plastic toy figurines, positionable three dimensional toys for use in games; counters for games; role playing games; board games; playing cards; game boards for trading card games; cases for playing cards; dice; toys or playthings, namely, miniatures and models in the nature of fantasy character toys and playing pieces in the nature of miniature action figures and toy model vehicles for use with table top hobby battle games in the nature of battle, war and skirmish games, and fantasy games; tabletop hobby battle games in the nature of war games; battle games; and fantasy role playing games; science fiction board games; craft toys sold in kit form in the nature of model toy vehicles sold in a kit; playing pieces in the nature of miniature action figures and toy model vehicles for use with tabletop hobby games in the nature of skirmish games, war games, role playing games; cases for storing and protecting board game cards

| THE WORLD'S MOST TRUSTED SOURCE IN COLLECTING | United States (USPTO) |
|---|---|
| **Status:** Section 8 and 15 declarations accepted | **Docket No:** MEDIA.21062 |
| **App. #:** 85728060 | **App. Date:** 9/13/2012 |
| **Reg. #:** 4562181 | **Reg. Date:** 7/8/2014 |
| **Current Owner:** BECKETT COLLECTIBLES, LLC | |

**042:** Providing a website featuring a searchable on-line quality evaluation of rarities for the purpose of measuring the scarcity of rare collectible sports objects and memorabilia; hosting an online website community for users to share information and to engage in business or social networking relating to collectible sports objects and memorabilia; software as a services (SAAS) services, namely, hosting software for use by others for use in organizing their inventory and images of sports collectibles and memorabilia; providing a web site featuring technology that enables users to present products, services, and proposals to others for comments, and gather feedback from those others about those products, services, and proposals

| THE WORLD'S MOST TRUSTED SOURCE IN COLLECTING | United States (USPTO) | |
|---|---|---|
| **Status:** Registered and renewed | **Docket No:** MEDIA.21043 | |
| **App. #:** 78567956 | **App. Date:** 2/15/2005 | |
| **Reg. #:** 3055211 | **Reg. Date:** 1/31/2006 | |
| **Current Owner:** BECKETT COLLECTIBLES, LLC | | |
| **016:** printed publications, namely, a series of books in the nature of a price guide for sport collectibles, magazines featuring information regarding sports collectibles and sports | | |

| B | United States (USPTO) | |
|---|---|---|
| **Status:** Registered and renewed | **Docket No:** MEDIA.21003 | |
| **App. #:** 75909355 | **App. Date:** 2/1/2000 |  |
| **Reg. #:** 2461317 | **Reg. Date:** 6/19/2001 | |
| **Current Owner:** BECKETT COLLECTIBLES, LLC | | |
| **036:** trading card and sports collectibles evaluation and appraisal | | |
| **042:** trading card and sports collectibles grading services | | |

| B | United States (USPTO) | |
|---|---|---|
| **Status:** Registered and renewed | **Docket No:** MEDIA.21004 | |
| **App. #:** 75909353 | **App. Date:** 2/1/2000 |  |
| **Reg. #:** 2417644 | **Reg. Date:** 1/2/2001 | |

**Current Owner:** BECKETT COLLECTIBLES, LLC
**016:** plastic protective sleeves for collectible cards and trading cards; plastic display holders or slabs for collectible cards and trading cards

| B | United States (USPTO) | |
|---|---|---|
| **Status:** Live and pending | **Docket No:**  MEDIA.22208 |  |
| **App. #:** 97372785 <br> **Reg. #:** 2417644 | **App. Date**: 4/20/2022 | |

**Current Owner:** BECKETT COLLECTIBLES, LLC
**009:** Downloadable image files and multimedia files containing sports collectibles, comic books, toys, movie memorabilia, trading cards, and video games authenticated by non-fungible tokens (NFTs)
**016:** Publications, namely, magazines in the field of sports, sports collectibles and memorabilia; publications, namely, price guides in the field of collectibles, sports collectibles and memorabilia
**035:** Online retail store services featuring collectibles, trading-cards, general collectibles, memorabilia; Online trading services, namely, operating online marketplaces for sellers and buyers of goods
**036:** Trading card and collectibles financial evaluation and appraisal
**041:** Providing an online computer database in the field of sports collectibles, trading-cards, general collectibles and memorabilia; providing a website featuring information in the field of sports collectibles, trading-cards, general collectibles and memorabilia
**042:** trading card and sports collectibles grading services

11.     Of these registered trademarks, Beckett Authentication uses the specific trademarks below (the "Beckett Marks") on its certification sticker:





12.    Beckett heavily invested its time and finances into the curation of its authentication process and Beckett Marks, culminating in a certification sticker bearing its name that instills trust in the minds of collectors.

13.    As a result, Beckett's trademarked seals ensure the public that any product bearing its name is safe from imitations.  This service that Beckett spent years perfecting garnered it the reputation of being the gold standard for authentication in the sports memorabilia industry, thereby providing peace of mind to collectors, dealers, and enthusiasts worldwide seeking to add valuable pieces of sports memorabilia to their collections.

**B.    Gidden-Rogers's and Skolnick's Fraudulent Scheme**

14.    On January 22, 2025, the Collin County Sheriff's Office and an FBI liaison contacted Beckett and informed it that Defendants were operating a fraudulent scheme by producing and selling numerous counterfeit items bearing fake authentication stickers by renowned companies in the sports authentication industry, including Beckett, Professional Sports Authenticator ("PSA"), JSA, and Fanatics.

15.    Upon further investigation, Beckett learned that on January 15, 2025, investigators with the Collin County Sheriff's Office Criminal Investigations Division executed a search warrant at Gidden-Roger's residence. A true and correct copy of the Collin County's Sheriff's Office Press Release dated January 16, 2025 is attached as **Exhibit A**. During the search, the investigators uncovered fictitious certificates of authentication and thousands of sports memorabilia items that were falsely represented as genuine.

16.    These items included footballs, basketballs, baseballs, helmets, and jerseys with fake signatures from famous athletes and inauthentic authentication stickers bearing the Beckett Marks, as well as those of PSA, JSA, Fanatics, and other similar companies.



17.     Defendants also had in their possession a Ghostwriter autopen machine, which is a machine that can be programmed to sign a celebrity's name in a specific size.

18.     Defendants' fraudulent scheme involved Defendants looking up Beckett's database for serial numbers of sports items that were properly authenticated by Beckett. They then recreated those specific items by forging the athlete's signature and placing on each item a fake authentication sticker using counterfeits of the Beckett Marks and bearing the corresponding serial number found on Beckett's database.

19.     Defendants were taken into police custody and charged with Trademark Counterfeiting, $30,000 - $150,000, a Third-Degree Felony under Texas law. Defendants were released on bond on January 16, 2025. True and correct copies of Defendants' jail records are attached as **Exhibit B**.

20.     For years, the sports memorabilia industry has been fraught with forged autographs and counterfeiters. Due to Beckett's prominent reputation in the industry, the Beckett seal of authenticity greatly increases the value of autographed items. Defendants took advantage of

Beckett's name, reputation, and goodwill to defraud countless customers by selling forged items that derived their value from fake Beckett stickers, thereby tarnishing Beckett's reputation. Beckett received—and continues to receive—emails from numerous customers alleging they were sold fake/forged items. The customers believed the items to be legitimate because they featured Beckett's logo which is what collectors expect when they see Beckett's stickers or marks on an item.

21.    Defendants' fraudulent scheme of selling fake sports memorabilia items bearing counterfeits of the Beckett Marks and seal threatens to undermine not only Beckett's entire reputation, but the entire sports memorabilia industry. Beckett now seeks redress for its harm.

## IV.    CAUSES OF ACTION

### A.    Trademark Infringement Pursuant To § 32 Of The Lanham Act

22.    Beckett incorporates and realleges the allegations and factual recitations set forth above.

23.    Beckett brings action pursuant to Section 32 of the Lanham Act, 15 U. S. C. § 1114 for various acts described herein, including the reproduction, counterfeiting, copying, and sale of numerous fake sports memorabilia items bearing counterfeits of Beckett's Marks and seal of authenticity, which deceived and caused confusion as to the source or origin of the forged items. In so doing, the Defendants are continuously infringing the Beckett Marks by using them to advertise, promote, and sell inauthentic memorabilia bearing the Beckett Marks and seal.

24.    Through its use and registration of the Beckett Marks, Beckett has developed protectable trademark rights under federal law. Defendants wrongfully and knowingly used and are still using the counterfeits of the Beckett Marks and seal, without authorization, and in a deceitful manner in an attempt to take advantage of the goodwill in the Beckett Marks based on

Beckett's long history and reputation in the sports memorabilia and authentication industry. Defendants' unauthorized reproduction of the Beckett Marks on numerous sports memorabilia items in connection with selling such items has caused and likely will continue to cause confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' goods.

25.    As a direct and proximate result of Defendants' trademark infringement and trademark counterfeiting, Beckett has suffered actual, compensatory, and consequential monetary damages in an amount to be determined by the trier of fact.

26.    The Defendants' above-described illegal actions constitute infringement of the Beckett Marks in violation of Beckett's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114. As established by the registration of the marks, the Beckett Marks are protectable and enforceable against the Defendants, and Beckett is the owner and senior user of the marks.

27.    Beckett has suffered and will continue to suffer irreparable injury due to the above-described activities of the Defendants if the Defendants are not enjoined.

28.    Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Beckett is entitled to recover from the Defendants: (i) the Defendants' profits and (ii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of the Defendants' conduct, Beckett seeks treble the amount of damages.   Alternatively, Beckett is entitled to statutory damages of up to $2 Million per counterfeit mark, per type of goods, due to the Defendants' willful counterfeiting in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117(c)(2).   Beckett also seeks its reasonable attorneys' fees due to the exceptional nature of this case.

**B.      False Designation of Origin Pursuant To § 43(a) Of The Lanham Act**

29.     Beckett incorporates and realleges the allegations and factual recitations set forth above.

30.     Beckett brings action pursuant to Section 43(a) of the Lanham Act, 15 U. S. C. § 1125(a) for various acts described herein, including the promotion, advertisement, and/or offering for sale of numerous fake sports memorabilia items bearing the Beckett Marks, which deceived and caused confusion as to the source or origin of the fake items.

31.     The Defendants' infringing goods, which include numerous sports memorabilia items bearing and sold in interstate commerce under the Beckett Marks, are different and inferior in quality from genuine Beckett authenticated items.

32.     The Defendants have used in connection with their sale of infringing sports memorabilia items, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods, and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Beckett.

33.     The Defendants have misrepresented to members of the consuming public that the infringing sports memorabilia items being advertised and sold by them are genuine, non-infringing products.

34.     As a direct and proximate result of Defendants' trademark counterfeiting and unfair competition in violation of 15 U.S.C. § 1125(a), Beckett has suffered actual, compensatory, and consequential monetary damages in an amount to be determined by the trier of fact.

35.     Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Beckett is entitled to recover from the Defendants: (i) the Defendants' profits and (ii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of the Defendants' conduct, Beckett seeks treble the amount of damages. Beckett also seeks its reasonable attorneys' fees due to the exceptional nature of this case.

### C.    Common Law Trademark Infringement

36.     Beckett incorporates and realleges the allegations and factual recitations set forth above.

37.     Beckett brings action pursuant to common law trademark infringement for various acts described herein, including the reproduction, manufacturing, counterfeiting, copying, and sale of numerous fake sports memorabilia items bearing Beckett's tradename, trademark, and logo, which deceived and caused confusion as to the source or origin of the forged items.

38.     Beckett has developed a protectable trademark right in common law. Defendants wrongfully and knowingly used and are still using the exact same tradename, trademark, and logo without authorization in a deceitful manner in an attempt to take advantage of Beckett's long history and reputation in the sports memorabilia and authentication industry.

39.     Defendants' reproduction of Beckett's tradename, trademark, and logo on numerous sports memorabilia items in connection with selling such items on various auction houses has caused and will likely continue to cause confusion as to the source and/or origin of the items.

40.     As a direct and proximate result of Defendants' trademark infringement, Beckett has suffered actual, compensatory, and consequential monetary damages in an amount to be determined by the trier of fact.

---

### D.    Common Law Defamation

41.    Beckett incorporates and realleges the allegations and factual recitations set forth above.

42.    Defendants published a false statement of fact when selling fraudulent items by stating that such items were authenticated by Beckett.

43.    Such a statement is defamatory and caused damage to Beckett because it undermined Beckett's reputation as a trusted source of authenticating items with its stamp of authenticity.

44.    Defendants acted with actual malice when making such statement for the purpose of perpetuating their fraudulent scheme.

45.    As a direct and proximate result of Defendants' conduct, Beckett has suffered harm, and now seeks to recover its actual, compensatory, and consequential monetary damages.

### E.    Common Law Injury to Business Reputation and Trademark Dilution

46.    Beckett incorporates and realleges the allegations and factual recitations set forth above.

47.    Defendants have injured the business reputation of Beckett by confusing and attempting to cause confusion among collectors in the sports memorabilia industry.

48.    Defendants' wrongful use of Beckett Marks insures and creates a likelihood of injury to Beckett's business reputation because collectors encountering Defendants and their forged items will believe that Defendants are affiliated with or related to or have the approval of Beckett.  Any adverse reaction by the public to Defendants; any offense to the nature of Defendants materials; and any objection, concern, or criticism the quality of Defendants' forged items and the

nature of their business will injure Beckett's business reputation and the goodwill that it earned in the sports memorabilia industry.

49.    Defendants' actions constitute an injury to Beckett's business reputation and dilution of the Beckett Marks in violation of Section 16.103 of the Texas Business and Commerce Code.

50.    As a direct and proximate result of Defendants' conduct, Beckett has suffered harm, and now seeks to recover its actual, compensatory, and consequential monetary damages.

**F.    Common Law Unfair Competition**

51.    Beckett incorporates and realleges the allegations and factual recitations set forth above.

52.    Defendants have, without authorization, forged the Beckett Marks and seal through extensive time and labor.

53.    Defendants passed off and sold the forged items as items authenticated by Beckett, thereby deceiving the public to trade with Defendants and gaining a special advantage in that competition because they were not burdened with the expense incurred by Beckett.

54.    Defendants' acts are likely to cause confusion or mistake, or to deceive, as to the affiliation, connection, or association with Beckett, or as to the origin, sponsorship, or approval of Defendants' forged items.

55.    Unless Defendants are enjoined, they will continue to infringe the Beckett Marks, unfairly compete, and cause commercial damage as well as irreparable injury to Beckett's reputation.

56.    Beckett is entitled to recover actual damages, consequential damages, exemplary damages, court costs, and pre-judgment and post-judgment interest.

### G. Common Law Unjust Enrichment

57.    Beckett realleges and incorporates all preceding paragraphs herein by reference.

58.    Defendants' unauthorized use of the Beckett Marks has resulted in unjust enrichment.

59.    Because of Defendants' actions, Beckett has sustained, and will continue to sustain, irreparable harm, including to its valuable goodwill and reputation established in connection with the use of its trademark, causing loss of profits and other harm for which there is no adequate remedy at law.

60.    Defendants have benefited from the improper use of the Beckett Marks on its forged sports memorabilia items.

61.    Defendants' actions are willful and wanton, or in reckless disregard for the rights of Plaintiffs, and Defendants continue to be unjustly enriched by their actions.

62.    Beckett is entitled to recover actual damages, consequential damages, exemplary damages, court costs, and pre-judgment and post-judgment interest due to Defendants' actions.

### H. Common Law Civil Conspiracy

63.    Beckett incorporates and realleges the allegations and factual recitations set forth above.

64.    Defendants acted with a common purpose to fraudulently infringe on the Beckett Marks by placing them (and Beckett's seal) on numerous items and then sell those items as if they were legitimate. Defendants committed unlawful overt acts in support of this goal, including forging different athletes' signature on the items, adding the Beckett Marks to them, and then selling them to unsuspecting consumers.

65.     Defendants' conduct damaged Beckett because it undermined Beckett's reputation. Beckett seeks all actual damages, exemplary damages, injunctive relief, interest, and court costs.

**I.      Exemplary Damages**

66.     Beckett realleges and incorporates all preceding paragraphs herein by reference.

67.     Beckett pleads for exemplary damages, as Gidden-Rogers and Skolnick acted knowingly, intentionally, willfully and with malice. Thus, their conduct is actionable under Chapters 41 and 134 of the Texas Civil Practice and Remedies Code as well as applicable common law.

**V.      <u>APPLICATION FOR PRELIMINIARY AND PERMANENT INJUNCTION</u>**

68.     Beckett realleges and incorporates all preceding paragraphs herein by reference.

69.     On information and belief, unless enjoined, the Defendants will continue to use marks that are likely to cause confusion as to the source of their products, use marks that incorrectly suggest that or are likely to cause confusion as to whether the Defendants are affiliated with Beckett, and use counterfeits of the Beckett Marks. All of these acts violate the Lanham Act and Texas common law.

70.     These actions entitle Beckett to a preliminary injunction and, upon hearing, permanent injunction enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all those persons in active concert or in participation with Defendants, pending a ruling on Beckett's claims in this lawsuit:

a.  Enjoining Gidden-Rogers and Skolnick from selling, distributing, dealing, or disposing of, in any way, the memorabilia items from their fraudulent scheme; and

b.  Enjoining Gidden-Rogers and Skolnick from selling, distributing, dealing, or disposing of, in any way, any item featuring any of the Beckett Marks.

---

**PLAINTIFFS' ORIGINAL COMPLAINT**

c.  Enjoining Gidden-Rogers and Skolnick from using the Beckett Marks or any counterfeit of the Beckett Marks.

d.  Enjoining Gidden-Rogers and Skolnick from affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendants' goods as being those of Beckett, or in any way endorsed by Beckett and from offering such goods in commerce; and

e.  otherwise unfairly competing with Beckett.

f.  Enjoining Gidden-Rogers and Skolnick from transferring, encumbering, or dissipating any assets which were obtained by either Gidden-Rogers or Skolnick through their fraudulent scheme, including but not limited to the property located on 6308 Saint Michael Dr, McKinney, Texas 75072.

71.     For these actions, Beckett does not have an adequate remedy at law for Defendants' actions. Beckett is likely to succeed on the merits of this case, and the injury to Beckett greatly outweighs any injury to the Defendants that the requested injunction may cause. The balance of hardships tips strongly in favor of Beckett. Finally, the injunction will not disserve the public interest. Therefore, Beckett is entitled to preliminary and permanent injunctive relief against Defendants.

## VI.     DEMAND FOR JURY TRIAL

72.     In accordance with Federal Rule of Civil Procedure 38, Beckett hereby demands a trial by jury on its claims alleged against Defendants.

## VII.     CONDITIONS PRECEDENT

73.     All conditions precedent have been performed or have occurred.

---

## VIII.   RESERVATION OF RIGHTS

74.    Beckett reserves the right to amend its suit to add additional causes of action and seek additional relief or damages.  In filing this Petition, Beckett does not waive any other remedies to which it may be entitled under law, contract, or equity.

## IX.   PRAYER

For the reasons provided above, Beckett Collectibles, LLC respectfully requests that Defendants Wendell Gidden-Rogers and Lisa Skolnick be cited to appear and answer, and that upon final hearing or trial, the Court enter an order and/or judgment awarding Beckett:

    a.  a permanent injunction barring Gidden-Rogers and Skolnick from selling any items from Defendants' fraudulent scheme;

    b.  a permanent injunction barring Gidden-Rogers and Skolnick from selling any items that improperly feature the Beckett Marks;

    c.  a permanent injunction barring Gidden-Rogers and Skolnick from using the Beckett Marks or any counterfeits thereof;

    d.  a permanent injunction barring Gidden-Rogers and Skolnick from otherwise unfairly competing with Beckett;

    e.  a permanent injunction barring Gidden-Rogers and Skolnick from transferring, encumbering, or dissipating any assets which were obtained by either Gidden-Rogers or Skolnick through their fraudulent scheme, including but not limited to the property located on 6308 Saint Michael Dr, McKinney, Texas 75072;

    f.  all general, actual, consequential, and exemplary damages in a sum within the jurisdictional limits of the court;

    g.  interest as allowed by law, including pre- and post-judgment interest;

---

**PLAINTIFFS' ORIGINAL COMPLAINT**

h.   costs of suit; and

i.   such other and further relief to Beckett Collectibles, LLC may be entitled.

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**

*/s/ Aaron Z. Tobin*
Aaron Z. Tobin
Texas Bar No. 24028045
atobin@condontobin.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@condontobin.com
Abigail R.S. Campbell
Texas State Bar No. 24098959
acampbell@condontobin.com
Faisal Al Alam
Texas Bar No. 24121357
falalam@condontobin.com
8080 Park Lane, Ste. 700
Dallas, Texas 75231
Telephone: 214.265.3800
Facsimile: 214.691.6311
*Attorneys for Plaintiffs*